UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
ROBERT EDWARD JELICH,

                      Petitioner,

    -against-

MICHAEL F. HOGAN, Commissioner, et al,
NYS Office of Mental Health; ANTHONY
FERRARA, Chairman, et al., S.I. University
Hospital at South Beach Psychiatric Center;
WILLIAM HENRI, Executive Director, et al.,
South Beach Psychiatric Center,

                      Respondent.
---------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

09 Civ. 3278 (BMC)

**COGAN**, District Judge:

Plaintiff, previously hospitalized at South Beach Psychiatric Center, files the instant action *pro se* alleging violation of his constitutional rights. Although plaintiff improperly brings this action pursuant to 28 U.S.C. § 2241, the Court liberally construes the action as being brought pursuant to 42 U.S.C. § 1983. At the time of his initial complaint, plaintiff requested that this Court intercede in his involuntary commitment proceedings to release him, enjoin defendants from medicating him against his will, and order that he be provided with his "entire mental health record." Plaintiff's most recent submission indicates that he has been discharged from South Beach Psychiatric Center. For the foregoing reasons, the complaint is dismissed without prejudice and plaintiff is granted leave to file an amended complaint pursuant to 42 U.S.C. § 1983, as described below. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order.

1

# BACKGROUND

On October 28, 2008, plaintiff was involuntarily hospitalized on an emergency commitment order. See Amend. Pet. at 4, ¶ 12. Plaintiff states that he appeared at four hearings on the need for involuntary care and treatment before Richmond County Supreme Court Justice Robert J. Collini, who continued to order him held. See Plaintiff's Aug. 10, 2009 letter. From January 5, 2009 to February 26, 2009, plaintiff was held at the Staten Island University Hospital, and was then transferred to the South Beach Psychiatric Center. Amend. Pet. at 3, ¶ 6. Plaintiff states that on March 31, 2009, Justice Collini issued an order "committing petitioner as an alleged mentally ill person to a definite term of hospitalization of up to 6 months at the South Beach Psychiatric Center." Amend. Pet. at 2, ¶ 3. On July 23, 2009, two physicians from South Beach Psychiatric Center petitioned the Supreme Court pursuant to the Mental Hygiene Law for authorization to administer medication over the objection of Mr. Jelich and by Order dated July 28, 2009, Justice Collini authorized the physicians "to administer treatment as set forth in the 'Evaluation for Treatment over Objection,' for the duration of the patient's involuntary legal status." See July 28, 2009 Order annexed to Plaintiff's Aug. 10, 2009 letter. Plaintiff states that he was represented by the Mental Hygiene Legal Service for all his hearings, but "was not informed of his right to appeal." Amend. Pet. at 5, ¶ 21. Plaintiff maintains that he should have been neither been hospitalized nor medicated. Plaintiff states that he is not mentally ill, and that "the majority of the information [in his mental health record], is false and inaccurate." Id. at 6, ¶ 25. By submission dated October 21, 2009, plaintiff informed this Court that he was discharged from confinement at the South Beach Psychiatric Center. Despite his release, plaintiff indicates he seeks legal redress for the violation of his constitutional rights.

## STANDARD OF REVIEW

In reviewing plaintiff's complaint, the Court is mindful that, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, - -, 127 S.Ct. 2197, 2200 (2007); see also Hughes v. Rowe, 449 U.S. 5, 9 (1980) (citations omitted); Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006); McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004). Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief can be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## DISCUSSION

### I

Broadly construing the allegations, plaintiff challenges his involuntary commitment to a hospital facility for treatment pursuant to 42 U.S.C. § 1983. In order to state a claim under section 1983, plaintiff must allege that the defendant, acting under color of law, deprived him of a right secured by the Constitution or the laws of the United States. 42 U.S.C. § 1983. Involuntary commitment raises two potential constitutional issues: the Fourth Amendment right against unreasonable search and seizure, see Glass v. Mayas, 984 F.2d 55, 58 (2d Cir. 1993), and the right to due process under the Fourteenth Amendment. See Rodriguez v. City of New York, 72 F.3d 1051, 1061 (2d Cir. 1995); Drozdik v. City of New York, No. 01-CV-3300, 2003 WL 366639, at *4 (S.D.N.Y. Feb. 20, 2003).

A. Due Process

An involuntary civil commitment is a "massive curtailment of liberty" and it therefore cannot permissibly be accomplished without due process of law. Vitek v. Jones, 445 U.S. 480, 491-92 (1980). Involuntary commitment is constitutional if the person is both mentally ill and a danger to himself or others. Rodriguez, 72 F.3d at 1061. The New York statutory scheme for civil commitment requires a showing of dangerousness prior to commitment and, therefore, has been held to be constitutional. Project Release v. Prevost, 722 F.2d 960, 971-74 (2d Cir. 1983) (due process is afforded by numerous and elaborate provisions for notice and hearing, periodic reassessment of patient's status, and provision for appointment of counsel); see also N.Y. Mental Hyg. Law § 9.60. Whether the commitment is on an emergency basis or non-emergency basis, the statutory scheme requires that a doctor make a medical determination that the patient poses a danger to himself or others. Rodriguez, 72 F.3d at 1062-63.[2]

If the defendant adhered to the procedural requirements of the relevant statutory section, the demands of substantive and procedural due process have been met and no claim under 42 U.S.C. § 1983 has been stated. It appears from plaintiff's assertions and exhibits that defendants

---

[2] Pursuant to New York's Mental Hygiene Law, a patient may be involuntarily committed to a psychiatric facility on a non-emergency basis if she is (1) in need of inpatient care that is "essential to [her] welfare," (2) "unable to understand the need for such care and treatment," and (3) poses "a substantial risk of physical harm" to herself or others. N.Y. Mental Hyg. Law § § 9.01, 9.27. The patient can be admitted for treatment "upon the certificates of two examining physicians, accompanied by an application for admission." Id. § 9.27. The application for admission, which must be executed within ten days prior to admission, can be submitted by, among others, "the director of the hospital . . . in which the patient is hospitalized," or "a qualified psychiatrist who is . . . treating such person for a mental illness in a facility licensed or operated by the [New York] office of mental health." Id. § 9.27 (b)(6)(11). The director of the hospital cannot admit the patient until a third physician who is a member of the hospital staff confirms that the patient satisfies the criteria for hospitalization. Id. § 9.27 (e). A patient has the right to contest her involuntary commitment through a court hearing scheduled within five days from the date notice of the request is received by the court. Id. §9.31; Doe v. Harrison, No. 01-CV-12741, 2003 WL 1535273, at * 1 (S.D.N.Y. Mar. 24, 2003).

adhered to the procedural requirements to involuntarily hospitalize plaintiff. However, in an abundance of caution, plaintiff is granted an opportunity to amend his complaint to state a section 1983 claim.

Plaintiff further alleges that he was involuntarily medicated with psychotropic drugs. See Plaintiff's Aug. 10, 2009 letter. The Fourteenth Amendment protects the right of a competent person to refuse unwanted medical treatment. See, e.g. Cruzan v. Director, Mo. Dep't of Health, 497 U.S. 261, 278 (1990) ("The principle that a competent person has a constitutionally protected liberty interest in refusing unwanted medical treatment may be inferred from our prior decisions."). It is also firmly established under New York law that an adult has the right to refuse medical treatment except "in narrow circumstances, including those where the patient presents a danger to himself or other members of society or engages in dangerous or potentially destructive conduct within the institution." Kulak v.City of New York, 88 F.3d 63, 74 (2d Cir. 1996) (citation and internal quotation marks omitted); see also Project Release, 722 F.2d at 978-80; Lombardo v. Stone, No. 99 Civ. 4603 (SAS), 2001 WL 940559, at * 9-10 (S.D.N.Y. Aug. 20, 2001). The right to refuse medication is reflected in N.Y. Com. Codes R. & Regs. Tit. 14 § 527.8(c), which provides that a patient may only be treated against their will by court authorization or in emergency situations "where the patient is presently dangerous and the proposed treatment is the most appropriate reasonably available means of reducing the dangerousness" and that "[s]uch treatment may continue only as long as necessary to prevent dangerous behavior." See Kulak, 88 F.3d at 74; Lombardo, 2001 WL 940559, at *10.

Here, the administration of medication over plaintiff's objection has been authorized by court order. Thus, it appears that plaintiff does not state a due process claim under 42 U.S.C. § 1983.

B. Unreasonable Seizure

Involuntary commitment claims also implicate the Fourth Amendment right against unreasonable search and seizure. Drozdik, 2003 WL 366639 at *5. There is no Fourth Amendment violation for involuntary hospitalization, however, "if there are reasonable grounds for believing that the person seized is subject to seizure under the governing legal standard." Glass, 984 F.2d at 58. Plaintiff has not alleged that the defendants failed to satisfy the requirements of the governing standard and thus has not stated a claim under 42 U.S.C. § 1983.

## II

Although plaintiff has not adequately alleged a violation of his constitutional rights, the Court nevertheless grants him leave to replead in an abundance of caution because plaintiff is *pro se*. See McEachin, 357 F.3d at 200; Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend it. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999). Accordingly, the Court grants plaintiff leave to file an amended complaint detailing his claim that defendants violated his rights.

In the amended complaint, plaintiff should name the individuals personally involved in the alleged deprivation of his rights. Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). If plaintiff wishes to bring claims against a defendant and does not know the name of the individual, he may identify each of them as John or Jane Doe and to the best of his ability describe each individual and the role he or she played in the alleged deprivation of plaintiff's

rights. Plaintiff should describe how defendants failed to adhere to the statutory procedural requirements of the Mental Hygiene Law, as described above, or how they lacked reasonable grounds for believing that plaintiff was subject to seizure under the Mental Hygiene Law in the first place. The allegations must be short, plain and concise, and in separately numbered paragraphs. Plaintiff shall also name all defendants in the caption of his amended complaint.

## CONCLUSION

Plaintiff is hereby directed to file an amended complaint within thirty (30) days from the date of this Order. The submission must be titled "Amended Complaint" and include the docket number 09-CV-3278 (BMC). No summons will issue at this time and all further proceedings shall be stayed for thirty (30) days or until plaintiff has complied with this Order. If plaintiff fails to comply with this Order within the time allowed, the case shall be dismissed and any state law claims shall be dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).[1]

**SO ORDERED.**

/Signed by Judge Brian M. Cogan/
_____
U.S.D.J.

Dated: Brooklyn, New York
October 27, 2009

---

[1] There have been several additional motions and documents filed by plaintiff. This decision also denies without prejudice [3] Motion to Appoint Counsel, as plaintiff has failed to demonstrate sufficient merit for the appointment of counsel; and denies as moot [5] Motion for Temporary Restraining Order and Motion for Permanent Injunction and [7] Motion for Preliminary Injunction.